IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jennifer Brandt-Sterrett,　　　　　　　　　　　Case No. 3:18 CV 794

　　　　　　　　Plaintiff,　　　　　　　　　　ORDER ADOPTING
　　　　　　　　　　　　　　　　　　　　　　　REPORT & RECOMMENDATION
　　-vs-
　　　　　　　　　　　　　　　　　　　　　　　JUDGE JACK ZOUHARY
Commissioner of Social Security,

　　　　　　　　Defendant.

Plaintiff Jennifer Brandt-Sterrett applied for disability insurance benefits and supplemental security income; Defendant Commissioner of Social Security denied that application (*see* Doc. 11 at 2). Brandt-Sterrett filed this Complaint seeking judicial review of that decision (Doc. 1). Her case was referred to Magistrate Judge James Knepp for a Report and Recommendation (R&R) under Local Civil Rule 72.2. After receiving Briefs on the Merits (Docs. 11, 14–15), Judge Knepp issued an R&R (Doc. 16), which recommends affirming the Commissioner's decision. Brandt-Sterrett objects (Doc. 17); the Commissioner responds (Doc. 18).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* only those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections to the R&R must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th

Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018). *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

Here, Brandt-Sterrett makes two objections: (1) the administrative law judge (ALJ) incorrectly evaluated the treating physician's opinions and failed to provide good reasons for rejecting those opinions; and (2) the ALJ relied on a vague limitation (Doc. 17 at 2, 4). These general objections are the same arguments made to the Magistrate Judge (*see* Doc. 11 at 2). Thus, they trigger only clear-error review. This Court has reviewed the R&R and finds no clear error.

The closest Brandt-Sterrett comes to making a specific objection is her allegation that the Magistrate Judge misconstrued her argument about the ALJ's lack of explanation "as to why [she] would be off-task no more than 10%" of her workday (Doc. 17 at 4–5). But the R&R addressed this argument directly, stating that "the ALJ's 10% off-task limitation is based on the fact that the action of moving from standing to sitting will inevitably take you off task for a short period of time" (Doc.

16 at 15). Substantial evidence supports this conclusion (*see* Doc. 10 at 43–54). *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The Objection (Doc. 17) is overruled. This Court adopts the R&R (Doc. 16) in its entirety. Accordingly, the Commissioner's decision is affirmed, and this action is dismissed. Further, this Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

June 28, 2019